NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE AMERICAN REGISTRY OF RADIOLOIGIC TECHNOLOGISTS**<br><br>**Plaintiff,**<br><br>v.<br><br>**JASON W. SISK**<br><br>**Defendant.** | Civ. No. 2:14-6403 (WJM)<br><br>**OPINION** |

  This matter comes before the Court on The American Registry of Radiologic Technologists' motion for default judgment against Defendant Jason W. Sisk pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the motion is **GRANTED**.

### I. Background

  Plaintiff in this action is The American Registry of Radiologic Technologists ("ARRT"), a national credentialing organization with its principle place of business in St. Paul, Minnesota. ARRT is in the business of certifying and registering radiologic technologists. In order to receive certification from ARRT, individuals must submit an application to the organization and, among other things, take an exam that tests knowledge of radiology. In order to be registered with ARRT, an individual must meet certain requirements after being certified; those requirements include attending continuing education courses and meeting ARRT's ethical standards.

  ARRT has registered various marks with the United States Patent and Trademark Office ("USPTO"). According to ARRT, its marks "have come to be recognized by the public and the health care industry as an indication that individuals certified and registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other certification standards."

Defendant Jason Sisk is a resident of Bayonne, New Jersey.  He received certification and registration with ARRT in October 1993, but lost his credentials in 2008 after he failed to comply with ARRT's continuing education requirements.  In October 2008, Sisk applied to reinstate his ARRT certification, but did not appear for the required examination.  In 2012, Sisk again reapplied, but failed the examination.  Sisk's registration and certification with ARRT has never been reinstated.

Despite never being reinstated, Sisk has continued to represent that he is registered and certified with ARRT.  In October 2013, ARRT responded by sending Sisk a cease-and-desist letter, but received no response from Sisk.  Since then, Sisk has continued to represent that he is certified and registered with ARRT despite receiving repeated instructions from ARRT to cease and desist.

On October 16, 2014, ARRT filed a Complaint against Sisk alleging claims under the Lanham Act, common law trademark infringement, and unfair competition.  Sisk was served with a summons and complaint on December 2, 2014.  Sisk has failed to respond or otherwise defend ARRT's action.  On February 4, 2015 default was entered against Sisk for failure to plead or otherwise defend.  ARRT now moves for default judgment.  In its motion, ARRT has dropped its request for money damages and now requests only attorney's fees and injunctive relief.

## II. Discussion

The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See Chanel, Inc. v. Gordashevsky,* 558 F.Supp.2d 532, 535–36 (D.N.J.2008). Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. *Joe Hand Promotions, Inc. v. Waldron,* 2013 WL 1007398, at *4 (D.N.J. Mar.13, 2013) (*citing Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J.2008); *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987)). Although the facts pled in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990).

### A. ARRT's Causes of Action

The Court finds that ARRT has established multiple causes of action that are not subject to a meritorious defense.  Sisk does not deny that he continues to use ARRT's marks even though he is no longer certified or registered with ARRT.  Moreover, ARRT has provided the Court with documents indicating that Fisk has continued to hold himself out as ARRT registered and certified.  Sisk's unauthorized use ARRT's marks constitutes

a violation of the Lanham Act.  *See* 15 U.S.C. § 1114(1); 15 U.S.C. § 1125(a); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 195 (3d Cir. 1990) ("there is a great likelihood of confusion when an infringer uses the exact trademark....") (citations omitted).  Sisk's unauthorized use of the marks also constitutes common law infringement.  *American Registry of Radiologic Technologists v. McClellan*, No. 3-cv-2577, 2004 WL 377054, *5 ("unauthorized use of the ARRT mark also constitutes an infringement of ARRT's common law trademark rights.")

Moreover, Sisk's continuing violation of ARRT's trademark rights entitles ARRT to the relief it has requested, which includes (1) an injunction prohibiting Sisk from using ARRT's marks; and (2) an award of attorney's fees to ARRT.  Under the Lanham Act, the Court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office...." 15 U.S.C. § 1116.  In order to obtain a permanent injunction, ARRT must demonstrate: (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc., et al. v. MercExchange LLC,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

ARRT has met its burden here.  ARRT's business relies on maintaining the integrity of its marks.  It accomplishes this goal by requiring its members to, among other things, pass an examination and attend continuing education courses.  When Sisk holds himself to be certified and registered by ARRT despite not meeting these requirements, he dilutes the ARRT brand in a way that cannot be remediated solely through monetary relief.  Moreover, an injunction is in the public interest because it would serve to ensure that radiologic technologists do not misrepresent their qualifications to potential employers.

ARRT is also entitled to attorney's fees and expenses.  The Lanham Act provides that a court may award attorney's fees in exceptional cases.  15 U.S.C. § 1117(a).  "The Third Circuit has held that an exceptional case under § 35(a) must involve culpable conduct, such as bad faith, fraud, malice, or knowing infringement, on the part of the losing party."  *interState Net Bank v. NetB@nk, Inc.*, 221 F. Supp. 2d 513, 527 (D.N.J. 2002); *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 279–80 (3d Cir.2000).  Here, Sisk committed knowing infringement: he received repeated warnings from ARRT that he was using ARRT's marks without authorization, and despite these warnings, continued to represent to potential employers that he was certified and registered with ARRT.  This willful violation of the Lanham Act is an exceptional case that warrants an award of attorney's fees.  The Court has also reviewed a declaration itemizing the attorney's fees and expenses ARRT has incurred in prosecuting this action.  The Court finds these amounts to be reasonable and will award $8,008.07 in attorney's fees and expenses.

B. <u>Prejudiced Suffered by ARRT</u>

It is clear that ARRT has been prejudiced by Defendants' failure to answer because ARRT has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F.Supp.2d 485, 490–91 (D.N.J.2009). ARRT therefore meets the second requirement for obtaining a default judgment.

C. <u>Culpability of Sisk</u>

Finally, the Court concludes that Sisk is the culpable party. Because Sisk has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.,* No. 11–624, 2011 U.S. Dist. LEXIS 115142, at * 10, 2011 WL 4729023 (D.N.J. Oct. 5, 2011). Moreover, Sisk has not made any attempt to explain why he has failed to respond; nor has he provided any indication that he plans to defend this action. ARRT therefore meets the third and final requirement for obtaining a default judgment

## III. Conclusion

For the reasons stated above, ARRT's motion for default judgment is **GRANTED**. An appropriate order accompanies this decision.

        /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 17, 2015**